# In the United States Court of Federal Claims

No. 23-2128
(Filed: May 28, 2026)

```
* * * * * * * * * * * * * * * * * *   *
                                      *
MAYVIN, INC., et al.,                 *
                                      *
                 Plaintiffs,          *
                                      *
      v.                              *
                                      *
THE UNITED STATES, et al.,            *
                                      *
                 Defendants.          *
                                      *
* * * * * * * * * * * * * * * * * *   *
```

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

After prevailing on the merits of its protest, Mayvin, Inc. now seeks recovery of bid preparation and proposal costs. Although the procurement at issue was undeniably protracted and convoluted, the law does not permit recovery for every cost incurred along the way. As explained below, Mayvin has failed to establish entitlement to costs; therefore, its motion is denied.

## BACKGROUND

The factual background of this case is largely contained in the Court's opinion and order, *Mayvin, Inc. v. United States*, 178 Fed. Cl. 339 (2025). Accordingly, the Court recites only the facts pertinent to the motion before it. On July 24, 2025, the Court issued an opinion granting Mayvin's[1] motion for judgment on the administrative record and denying the government's cross-motion. *See id.* at 366. Therein, the Court concluded that Mayvin was prejudiced by the cancellation of the SETA III solicitation and held that this cancellation (1) was not in accordance with law and (2) lacked a rational basis. *See id.* at 351–60.[2] The Court ordered reinstatement of

---

[1] Although multiple protestors participated in this bid protest litigation, only Mayvin's request for bid preparation and proposal costs is presently before the Court. Therefore, for ease of reference, the Court refers only to Mayvin throughout this opinion, even where the underlying filings or proceedings involved all protestors collectively.

[2] The Court did not address Mayvin's Counts I, II, III, VIII, and IX, which dealt with "the agency's OCI decision, the revised benchmark labor rates, and the contracting officer's purported

the procurement and enjoined the government from unlawfully cancelling the solicitation, while recognizing that cancellation "in a manner that is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" remained permissible. *Id.* at 366 (citing *Dept. of Homeland Sec. v. Regents of Univ. of Calif.*, 591 U.S. 1, 22 (2020)).

On October 17, 2025, after the deadline to appeal had passed, Mayvin filed a motion for the recovery of bid preparation and proposal costs, which is presently before the Court. *See generally* ECF No. 103. Mayvin maintained that injunctive relief alone was "insufficient to place Mayvin in the same position it would have been in but for the Government's errors," *id.* at 4 (citing *MVM, Inc. v. United States*, 47 Fed. Cl. 361, 366 (2000)), while the government contended that any request for bid preparation and proposal costs was unripe because the solicitation had not yet been cancelled, *see* ECF No. 108 at 2–3. The government further asserted that, even if the solicitation were later cancelled lawfully, any resulting losses would not constitute compensable waste attributable to agency error. *See* ECF No. 108 at 3. On January 26, 2026, the government filed a notice that the SETA III solicitation had been cancelled. *See generally* ECF No. 115. On February 6, 2026, Mayvin responded to the notice and reiterated its request for bid preparation and proposal costs, arguing that this second cancellation mooted any ripeness arguments made by the government. *See* ECF No. 116 at 2. Much of the parties' briefing addressed the possibility that the procurement would proceed following reinstatement. Because the solicitation has since been cancelled a second time,[3] rendering that possibility moot, the Court now turns to the parties' surviving arguments on bid preparation and proposal costs.

## DISCUSSION

### A.   Legal Standard

In a bid protest, this Court "may award any relief that the court considers proper, including declaratory and injunctive relief except that any monetary relief shall be limited to bid preparation and proposal costs." 28 U.S.C. § 1491(b)(2). Thus, "this court has discretion to fashion awards that include a mixture of injunctive relief and bid preparation and proposal costs." *CNA Corp. v. United States*, 83 Fed. Cl. 1, 10 (2008), *aff'd*, 332 F. App'x 638 (Fed. Cir. 2009). Although proposal preparation expenses are ordinarily considered a cost of doing business, "a losing competitor may recover the costs of preparing its unsuccessful proposal if it can establish that the Government's consideration of the proposals submitted was arbitrary or capricious." *E.W. Bliss Co. v. United States*, 77 F.3d 445, 447 (Fed. Cir. 1996) (quoting *Lincoln Servs., Ltd. v. United States*, 678 F.2d 157, 158 (Ct. Cl. 1982)). "The standards that permit a disappointed competitor to recover proposal preparation expenses are high and the burden of proof is heavy." *Id.* (quoting *Lincoln Servs.*, 678 F.2d at 158).

---

'alternative justification' for cancellation." *Mayvin*, 178 Fed. Cl. at 349 n.2 (citing ECF No. 63). Rather, the Court dispositively found for Mayvin only on the counts that "address[ed] whether the agency's cancellation decision comport[ed] with the Administrative Procedure Act ('APA') standard of review." *Id.* at 349.

[3] To date, this second cancellation has not been challenged as arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

Protestors seeking bid preparation and proposal costs are generally required to establish three requirements set forth in *Reema Consulting Servs., Inc. v. United States*: "(i) the agency has committed a prejudicial error in conducting the procurement; (ii) that error caused the protester to incur unnecessarily bid preparation and proposal costs; and (iii) the costs to be recovered are both reasonable and allocable, *i.e.*, incurred specifically for the contract in question." 107 Fed. Cl. 519, 532 (2012) (footnote omitted); *see also Hyperion, Inc. v. United States*, 120 Fed. Cl. 504, 512 (2015) (reciting the same standard); *Insight Sys. Corp. v. United States*, 115 Fed. Cl. 734, 738–39 (2014) (same). Last, the Court's authority to award bid preparation and proposal costs assumes a protestor's success on the merits in an action challenging the procurement. *See Utech Prods., Inc. v. United States*, 150 Fed. Cl. 674, 679 (2020) ("[A] decision on the merits of the award must be made prior to the award of bid preparation and proposal costs. Without analysis of the merits of the award, the court lacks a basis to grant further relief." (alteration in original) (quoting *CCL Serv. Corp. v. United States*, 43 Fed. Cl. 680, 690 (1999))).

## B.    Analysis

In the instant case, the first *Reema* requirement for recovery of bid preparation and proposal costs is met, as the Court held in its merits opinion that Mayvin was prejudiced by both the agency's "failure to adhere to FAR 19.502-9" and its "irrational cancellation decision." *Mayvin*, 178 Fed. Cl. at 354, 360. The third requirement is likewise met, as the government did not dispute that the costs Mayvin sought were "reasonable and allocable." *See Sarro & Assocs., Inc. v. United States*, 152 Fed. Cl. 44, 58 (2021) ("A party's failure to raise an argument in an opening or responsive brief constitutes waiver." (citing cases)).

Accordingly, the Court turns to the second *Reema* requirement, which embodies a causation principle designed "to place the plaintiff in the position he or she would have occupied but for defendant's wrong." *Reema*, 107 Fed. Cl. at 532 (quoting *Ala. Aircraft Indus., Inc.-Birm. v. United States*, 85 Fed. Cl. 558, 565 (2009), *rev'd on other grounds*, 586 F.3d 1372 (Fed. Cir. 2009)). Bid preparation and proposal costs are recoverable only where the agency's unlawful conduct rendered those costs a "needless expense." *Beta Analytics Int'l, Inc. v. United States*, 75 Fed. Cl. 155, 159 (2007) (quoting *Heyer Prods. Co. v. United States*, 135 Ct. Cl. 63, 71 (1956)). However, the relevant causation inquiry is not merely whether the procurement involved some legal defect, but whether the *same* prejudicial error underlying the successful protest caused the protestor to incur proposal costs that ultimately proved futile or unnecessary. *See Reema*, 107 Fed. Cl. at 532 (requiring the protester to show "(i) the agency has committed a prejudicial error in conducting the procurement [and] (ii) *that error* caused the protester to incur unnecessarily bid preparation and proposal costs . . . ." (emphasis added)). Examples of such "needless expense" include preparing a second proposal, materially revising an existing proposal, or otherwise incurring duplicative proposal costs. *See Q Integrated Cos., LLC v. United States*, 133 Fed. Cl. 479, 485 (2017) (finding that plaintiff "devoted at least some of the bid costs it incurred to proposals rendered futile by [the government's] errors in the procurement process"); *CMS Cont. Mgmt. Servs. v. United States*, 123 Fed. Cl. 534, 537 (2015) (finding that plaintiffs' proposal costs were "wasted" due to major proposal revisions arising from the government's error). On the other hand, bid preparation and proposal costs are *not* recoverable in protests in which the protestor cannot demonstrate that the prejudicial error identified in the bid protest litigation itself

3

resulted in unnecessary costs.  *See A Squared Joint Venture v. United States*, 149 Fed. Cl. 228, 232–33 (2020) ("[The] reasons for the cancellation had nothing to do with [plaintiff's] challenge to its disqualification.  [Plaintiff] has thus failed to establish a causal link between [the government's] legal error—the disqualification decision—and [plaintiff's] eventual inability to get a contract."); *Reema*, 107 Fed. Cl. at 532 ("In the case *sub judice*, plaintiff cannot show that the bid preparation and proposal costs it incurred in creating its first proposal were rendered unnecessary by the arbitrary, capricious, or otherwise erroneous actions committed by [the government].").

Here, Mayvin argues that the second *Reema* requirement is satisfied because, due to the government's various procurement errors, it "expended a significant amount of money" in revising its proposal five times and participating in three rounds of bid protests over the course of a four-year procurement process.  ECF No. 103 at 2, 5.  In support, Mayvin points broadly to distinct agency "errors" throughout the procurement process.  First, Mayvin highlights that the government's "original evaluation was flawed" due to its improper award to ATL and the need for the solicitation to be "amended to revise some of the benchmark labor rates."  *Id.* at 5. Mayvin next points to the Notice of Corrective Action filed by the government after Mayvin submitted its first motion for judgment on the administrative record in this action, which alleged, *inter alia*, "that the contracting officer failed to abide by the procedures set forth in FAR 9.506." *Id.* (citing ECF No. 37).  Mayvin characterizes that notice as yet another concession of government error.  *Id.*  As a final alleged error, Mayvin points to the government's cancellation of the SETA III solicitation, which prompted Mayvin to file its third bid protest and ultimately resulted in the Court enjoining the cancellation as arbitrary and capricious.  *Id*.

However, the standards set forth in *Reema* require more than an alleged litany of defects over the life of the procurement; it requires that the prejudicial error that resulted in court-ordered relief *caused* the specific costs sought.  Most of the errors that Mayvin alleges are either (1) findings by the agency on remand, *see* ECF No. 1-9 ¶¶ 1–2 ("The award to ATL was improper, in light of the potential for an OCI . . . [and] [i]n order to ensure compliance with 48 C.F.R. § 52.222-46, the Request for Proposals (RFP) must be amended to increase at least some, if not all, of the labor rates provided in RFP Attachment 11 . . . ."), or (2) the government's own "concessions" of mistake (as characterized by Mayvin), *see* ECF No. 103 at 5; *see also* ECF No. 109 at 4.  Here, only one of the errors that Mayvin highlights—the agency's attempted cancellation of the solicitation—was *actually adjudicated as prejudicial* by the Court.  *See Mayvin*, 178 Fed. Cl. at 366.  And, critically, Mayvin does not attempt to demonstrate how that cancellation caused it to incur the "bid preparation and proposal costs" it now seeks.

The Court enjoined the government's first cancellation of the SETA III solicitation for two reasons.  First, the cancellation was found contrary to law because it violated FAR 19.502-9. *See id.* at 351.  As explained in the Court's opinion, although FAR 19.502-9 permits withdrawal of a small business set-aside, it also imposes procedural safeguards requiring written notice and, where appropriate, SBA review.  *See id.* at 351–52.  The Court found that these procedural safeguards applied to the agency's attempted cancellation of the solicitation, that the agency failed to follow them, and that this failure was prejudicial.  *See id.* at 354.  However, Mayvin makes no attempt to connect this finding of prejudicial error to its incurrence of bid preparation and proposal costs.  Indeed, the Court is hard-pressed to discern how, once enjoined, the

unlawful cancellation itself could have caused Mayvin to incur such costs.  In any event, it was Mayvin's burden to make that showing, and it failed to do so.  *See Lion Raisins, Inc. v. United States*, 52 Fed. Cl. 629, 631 (2002) ("The burden is on the plaintiff to prove entitlement to costs.").

Second, the Court found the cancellation lacked a rational basis, thereby rendering the decision "arbitrary and capricious" and prejudicing Mayvin.  *See Mayvin*, 178 Fed. Cl. at 360 ("[T]he Court finds that the agency's cancellation decision was irrational. . . .  The government's belated explanation that the public benefits of a multiple award contract outweighed the benefits identified in the 2021 D&F or that the agency could not enforce single award strategy are unavailing. . . .  Furthermore, Plaintiffs were prejudiced by the agency's irrational cancellation decision." (citations omitted)).  Similarly, Mayvin does not explain how the lack of a rational basis for the cancellation, while prejudicial to its opportunity to receive the award, caused it to incur unnecessary bid preparation and proposal costs.  The connection may exist, but it is not the Court's role to construct that argument on Mayvin's behalf.  Again, that burden rests with Mayvin.

In sum, in its motion to recover bid preparation and proposal costs, Mayvin devotes much of its attention to alleged errors that the Court did not reach.  What Mayvin does not do is connect the specific prejudicial error that the Court actually found—namely, the unlawful cancellation of the solicitation—to any unnecessary bid preparation and proposal costs it incurred.  Unlike the plaintiff in *ARxIUM, Inc. v. United States*, Mayvin has not shown that the government's unlawful conduct induced it to prepare a proposal that ultimately became a "needless expense."  *See* 139 Fed. Cl. 85, 86 (2018) ("Because a latently ambiguous solicitation provision induced ARxIUM to prepare and submit a proposal, the plaintiff would be entitled to an award of these costs if the amended solicitation prevents it from competing for the award."); *see also Guzar Mirbachakot Transp. v. United States*, 104 Fed. Cl. 53, 68 (2012) (holding that unnecessary bid proposal costs that were arbitrarily induced may be recovered in addition to injunctive relief).

Rather, the only concrete consequence that Mayvin identifies stemming from the cancellation is that it was required to file a third bid protest.  *See* ECF No. 103 at 5.  But bid protest litigation costs are not recoverable as bid preparation and proposal costs.  *See Lion Raisins*, 52 Fed. Cl. at 631 ("Since 1996[,] the Tucker Act expressly has provided that 'any monetary relief shall be limited to bid preparation and proposal costs.'  A disappointed bidder thus can no longer recover bid protest costs as part of a successful bid protest action." (quoting 28 U.S.C. § 1491(b)(2))); *see also Ala. Aircraft Indus.*, 85 Fed. Cl. at 564 ("[B]y enacting 28 U.S.C. § 1491(b)(2) as part of the ADRA, Congress removed the power of this court to award bid *protest* costs." (emphasis in original)).  To the extent that Mayvin attempts to bootstrap costs allegedly attributable to earlier procurement errors onto the later cancellation decision, it offers no legal or factual basis for doing so.  Because Mayvin has failed to demonstrate that the prejudicial error identified by the Court caused it to incur unnecessary bid preparation and proposal costs, it has not carried its burden to establish entitlement to such relief.

**CONCLUSION**

The Court does not doubt that Mayvin may have wasted time and resources on revising and resubmitting its proposals throughout this lengthy procurement process.  But Mayvin has not shown that the prejudicial errors *identified by the Court* caused it to incur those costs.  Ultimately, Mayvin relies on other alleged flaws in the procurement process that were neither before the Court nor adjudicated as prejudicial.  Because Mayvin has failed to establish the necessary causal connection under *Reema*'s second requirement, it is not entitled to recover bid preparation and proposal costs therefore, its motion is **DENIED**.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge